UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD IDEN,<br><br>                            Plaintiff<br><br>    v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                            Defendant | Case No.  3:19-cv-00624-RFB-WGC<br><br>**ORDER** |

This action began with a *pro se* civil rights Notice of Intent filed pursuant to 42 U.S.C. § 1983 civil rights complaint by a prisoner incarcerated at Ely State Prison. On October 15, 2019, this Court ordered Plaintiff to file a complaint and a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, with an inmate account statement for the past six months and a properly executed financial certificate, or pay the full $400 filing fee for a civil action within thirty (30) days from the date of that order. (ECF No. 3 at 2).

On November 6, 2019, Plaintiff filed a Motion for Extension of Time to comply with the Court's order because he had not yet received his required financial documents from the Nevada Department of Corrections ("NDOC"). (ECF No. 4 at 1).

On November 13, 2019, this Court granted Plaintiff's Motion for Extension of Time and ordered Plaintiff to file a complaint and a fully complete Application to Proceed *In Forma Pauperis* with complete financial attachments or pay the full $400 filing fee for a civil action within thirty (30) days from the date of that order. (ECF No. 5).

On November 22, 2019, Plaintiff filed a "Notice of Compliance" and attached a financial certificate and an inmate account statement for the past six months. (ECF No. 6).

On December 4, 2019, this Court granted Plaintiff <u>one final opportunity</u> to submit a complaint to this Court and a fully complete Application to Proceed *In Forma Pauperis*, on this Court's approved form, with complete financial attachments, including an inmate

account statement for the past six months and a properly executed financial certificate, or pay the full $400 filing fee for a civil action within thirty (30) days from the date of that order. (ECF No. 7).

On December 20, 2019, in response to this Court's December 4, 2019 order, Plaintiff filed a financial certificate and inmate account statement only. (ECF No. 8). As such, Plaintiff's filings remain incomplete. <u>Plaintiff has not filed a complaint in this matter or a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form</u>. The thirty-day period from the Court's December 4, 2019 order (ECF No. 7) has now expired, and Plaintiff has not filed a complaint or fully complete Application to Proceed *In Forma Pauperis*, or paid the full $400 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. <u>Thompson v. Hous. Auth. of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

1  disposition of cases on their merits; and (5) the availability of less drastic alternatives.
2  See Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at
3  130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.
4      Here, the Court finds that the first two factors, the public's interest in expeditiously
5  resolving this litigation and the Court's interest in managing the docket, weigh in favor of
6  dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of
7  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
8  in filing a pleading ordered by the court or prosecuting an action.  See Anderson v. Air
9  West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring
10 disposition of cases on their merits—is greatly outweighed by the factors in favor of
11 dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey
12 the court's order will result in dismissal satisfies the "consideration of alternatives"
13 requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779
14 F.2d at 1424.  The Court's order requiring Plaintiff to file a complaint and a fully complete
15 Application to Proceed *In Forma Pauperis* on this Court's approved form, or pay the full
16 $400 filing fee within thirty days expressly stated the Court would dismiss the case without
17 prejudice. (ECF No. 7 at 3). Thus, Plaintiff had adequate warning that dismissal would
18 result from his noncompliance with the Court's order to file a complaint and a fully
19 complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or pay
20 the full $400 filing fee within thirty days.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to file a complaint and a fully complete Application to Proceed *In Forma Pauperis* on this Court's approved form, or pay the full $400 filing in compliance with this Court's December 4, 2019, order.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to close this case.

IT IS SO ORDERED.

DATED: July 1, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE